IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA DUCES TECUM<br><br>ENTROPIC COMMUNICATIONS, LLC,<br><br>    Petitioner. | Case No.   1:23-mc-00069-GPG |

**PETITIONER ENTROPIC COMMUNICATION, LLC'S
MOTION TO COMPEL NON-PARTY COMPLIANCE
WITH A SUBPOENA *DUCES TECUM***

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), Petitioner, Entropic Communications, LLC ("Entropic"), by and through its undersigned counsel, respectfully seeks an order from this Court compelling nonparty Ubee Interactive Inc., to comply with a valid and properly served *subpoena deuces tecum* by producing documents and/or bills of materials ("BOMs") sufficient to identify the price of the components of the Relevant Cable Modem Products at issue in the underlying litigation, namely individual tuners used in the Relevant Cable Modem Products.

**I.      INTRODUCTION**

In a matter styled *Entropic Communications, LLC v. Charter Communications, Inc.*, No. 2:22-cv-00125-JRG (E.D. Tex.), Plaintiff, Entropic Communications, LLC ("Entropic") served a subpoena *duces tecum* on third party Ubee Interactive Inc. ("Ubee") on April 19, 2023 —more than three months ago (the "Subpoena). While Ubee served objections to the Subpoena, it never moved to quash the Subpoena, and moreover refused to produce responsive documents, namely documents sufficient to identify the cost of individual tuners used in the Relevant Cable Modem

1

Products. Ubee's actions are improper under Rule 45 of the Federal Rules of Civil Procedure, and Entropic is entitled to an order compelling Ubee to produce documents identifying the price of the individual tuners used in the Relevant Cable Modem Products.

## I. FACTUAL BACKGROUND

### A. Entropic's Subpoena

On April 19, 2023 Entropic served the Subpoenas on third-party Ubee seeking both the production of documents and deposition testimony. [Ex. A]. The Subpoenas called for the production of documents on May 9, 2023, and deposition testimony to take place on May 16, 2023. More specifically, the Subpoenas sought the production of non-privileged documents responsive to *inter alia* the following disputed requests ("Request(s)"):

> **REQUEST NO. 1:** Documents and things sufficient to show the architecture and components of the Relevant Cable Modem Productions, including parts lists, component lists, bills of materials, and circuit diagrams.
>
> **REQUEST NO. 10:** Documents sufficient to show Your pricing for the Relevant Products, and the considerations impacting such pricing.

[Ex. B].

### B. Ubee's Objections

Ubee did not move to quash the Subpoenas. Ubee did serve objections to the Subpoenas on May 26, 2023. *Entropic Communications, LLC v. Charter Communications, Inc.*, No. 2:22-cv-00125-JRG, Ubee Interactive Inc.'s Responses to Entropic's Subpoenas (E.D. Tex. May 12, 2023)("Ubee Subpoena Response") [Ex. C]. Therein, Ubee lodged 18 general objections to Entropic's document requests, and subpoena definitions and instructions. *Id.* at 1-3. Those objections included, among others: imposition of requirement or obligation greater or different than required by the Federal Rules; unduly burdensome; information cumulative, duplicative, or redundant of other discovery; relevancy; attorney-client privilege, work product doctrine, common

interest doctrine, or any other applicable privileges; confidential and proprietary information; vague, ambiguous, or indefinite; and overly broad and unduly burdensome. *See id.* Moroever, Ubee specifically objected in response to all but two Requests. *See* id. at 1-12. However, for the purposes of this motion, Ubee specifically objected in response to Request Nos. 1 and 10. *Id.* at 3, 8.

In response to Request No. 1, Ubee objected on grounds that this request was overbroad and unduly burdensome because it purportedly was not limited to functionality relevant to the underlying litigation and did not describe the requested documents with particularity. *Id.* at 3. Ubee also objected to Request No. 1 on relevancy grounds, and further contended that this request sought information that could be obtained from other parties involved in the underlying litigation. *Id.* Ubee further indicated that it had located any documents responsive to Request No. 1 after a diligent search. However, in the same breath, Ubee stated it would be willing to confer with Entropic and assist in producing responsive circuit diagrams that were in the possession of Ubee's corporate affiliates, but declined to produce "documents regarding components of the Relevant Cable Modem Products which may be in the possession of Ubee's corporate affiliates as the requests seek information not relevant to the case." *Id*. In response to Request No. 10, Ubee objected contending this request seeks confidential and proprietary information with no relevance to the issues in this case, and further objected on the ground that Request No. 10 is overbroad, not proportional to the needs of the case, and unduly duly burdensome. *Id.* at 8.

C. **Entropic's Attempts to Resolve the Dispute**

Subsequent to Entropic's grant of multiple extension requests and follow ups regarding the status of Ubee's document production, on June 20, 2023, Ubee produced a total of 12 documents that were not responsive to Request Nos. 1 and/or 10. In response, Entropic continued to follow

3

up with Ubee regarding the status of the production of documents until June 29, 2023 when the parties met and conferred in good faith, but were unable to resolve their differences. During subsequent correspondence between the parties, Entropic further narrowed the scope of the Requests pertaining to *inter alia* Response Nos. 1 and 10 as follows:

> Documents and/or bills of materials ("BOMs") sufficient to identify the price of the components of the Relevant Cable Modem Products, namely individual tuners.

Entropic continued to follow up with Ubee regarding the status of the production documents until July 7, 2023, when Ubee produced an additional three documents that were not responsive to Request Nos. 1 and/or 10. Upon receiving the June 7th production, Entropic renewed its requests for the status of Ubee's production of documents responsive to Request Nos. 1 and 10; and on July 18, 2023, Ubee advised that it would not produce documents responsive to Request Nos. 1 and 10, *i.e.* documents identifying the price of components used in the Relevant Cable Modem Products. On July 19, 2023, Ubee produced one document, a spreadsheet showing annual sales data, however, this document was not responsive to Request Nos. 1 and 10.

To date, Ubee has produced total of 16 documents which renders its obligated document production woefully deficient. Furthermore, Ubee has declined to produce any documents sufficient to identify the components of the Relevant Cable Modems and their corresponding costs regardless of the underlying court's subpoena, and Entropic's repeated requests to produce documents responsive to Request Nos. 1 and 10. It is undisputed that Ubee has failed to adequately respond to discovery. Consequently, Entropic is entitled to move for an order compelling discovery, and herein has described the specific efforts the parties have taken to meet and confer, telephonically and in writing, in good faith in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1); D.C. COLO.LCivR 7.1(a).

## II.     DISCUSSION

### A.     Entropic's Motion is Properly Filed in This District

As a preliminary matter, Entropic's Motion to Compel is properly filed in the District Court for the District of Colorado because Denver, Colorado is the place where compliance is required on the face of the Subpoena, and the place where compliance with the Subpoena will actually occur. *See* Fed. R. Civ. P. 45(c); *In re SBN Fog Cap II LLC*, 562 B.R. 771, 775 (D. Colo. 2016) (concluding location on face of subpoena plainly required production of documents at that location); *Cargill Meat Sol. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3935726, *1 (D. Kan. June 26, 2015) (holding Colorado was district where compliance was required since subpoena demanded production of documents in Denver); *see also RSUI Indem. Co. v. Nat'l Rifle Assoc. of Am.*, Case No. NC-20-6-D, 2020 WL 4194526, *1 (W.D. Okla. July, 21, 2020) (stating most courts agree that district where compliance is required is determined by location or place of compliance identified in subpoena; and citing collection of 10th Cir. cases stating same).

The Subpoena provides that the location of the document production is at Veritext Legal Solutions, 700 17th Street, Suite 1750, Denver, CO 80202. *See Entropic Communications, LLC v. Charter Communications, Inc.*, No. 2:22-cv-00125-JRG, Subpoena to Ubee (E.D. Tex. Apr. 17, 2023) [Ex. A]. Veritext Legal solutions is approximately 17 miles from Ubee's Colorado headquarters located at 9155 E. Nicholas Ave, Suite #220, Centennial, CO 80112. As a result, the location of the document production is in compliance with Fed. R. Civ. P. 45(c)(1)'s 100 mile distance from where Vantiva regularly transacts business.

### B. Ubee's Refusal to Produce Responsive Documents in the Possession of its Corporate Affiliates is Improper.

Ubee's main excuse for non-production is that the documents responsive to the Request "may be in the possession of Ubee's corporate affiliates." *See* Ex. C, at 3. Be that as it may, Entropic's subpoena clearly defines the terms "Ubee" or "You" as encompassing "corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships." *See* Ex. B., at 11. Even so, under the Federal Rules documents are deemed to be in a party's possession, custody, or control if that party has the legal right to obtain the requested documents on demand. *See Resolution Trust Corp. v. Deliotte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992); *see also Cache La Poudre Feeds, LLC v. Land O' Lakes, Inc.*, 244 F.R.D. 614, 627 (D. Colo. 2007) (citing collection of cases).

In this case, the fact that: (1) Ubee's corporate parents, subsidiaries, and affiliates are listed as a recipient of the Subpoena, (2) Ubee assembles and sells the Relevant Cable Modem Products that contain the components Entropic seeks discovery, and (3) Ubee has stated in its responses that it can "arrange production of document … in the possession of its corporate affiliates, underscores the reality that the requested discovery is in Ubee's possession, custody, or control, and should be produced. *See Resolution Trust Corp.*, 145 F.R.D. at 110-11; *see e.g Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 517 (D. Kan. 2007) ("Production of documents not in a party's possession is required if the party has the practical ability to obtain the documents from another, irrespective of legal entitlements to the documents."). As a result, Ubee's withholding of the responsive documents is improper under the Federal Rules.

6

**B.     Ubee's Failure to Produce Responsive Documents and Ineffectual Objections Warrant an Order Compelling Production.**

Further, the general and generic boilerplate objections to the Requests are ineffectual because Ubee fails to explain the basis for their objections with sufficient specificity, fails to state whether any responsive materials are being withheld on the basis of the objection, and many of the objections lack justification subsequent to the narrowly tailored Requests at issue. *See* Fed. R. Civ. P. 34(b)(2)(C); *All Plastic, Inc. v. SamDan LLC*, No. 20-cv-01318-NYW, 2021 WL 2979005, *8 (D. Colo. Feb. 15, 2021); *see also Witt v. GC Servs. Ltd., P'ship*, 307 F.R.D. 554, 561 (D. Colo. 2014) (responding party has obligation to explain and support its objections).

Entropic's narrowly tailored request for the production of documents sufficient to identify the price of the components, and specifically individual tuners utilized in the Relevant Cable Modem Products is responsive to Request Nos. 1 and 10. *See* Ex. B, at 16, 17.  First, Entropic's request does indeed describe the requested documents with particularity as evidenced by the Subpoena's definitions of the term "Relevant Cable Modem Products." *See* Ex. B, at 13.  Next, Ubee's relevancy objections to this request are inadequate because they fail to explain how the request is not relevant to the underlying litigation. *See Klesh & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003) (citing *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211-12 (D. Kan. 2002)).

In addition, Ubee's objections contending that this request is overbroad and unduly burdensome is also unavailing because the stated explanation for the objection does not describe or establish how the requested discovery is outside the bounds of the scope of relevance defined under Fed. R. Civ. P. 26(b)(1) or (2).  *See Howards v. Reichle*, No. 06-cv-01964-CMA-CBS, 2009 WL 10676995, *3 (D. Colo. Mar. 2009) (citing *DirecTV, Inc. v. Puccinelli*, 224 F.R.D. 667, 688-89 (D. Kan. 2004) stating "objecting party must show specifically how, despite the broad and

7

liberal construction afford the federal discovery rules, the discovery request is overly broad or burdensome *by submitting affidavits or offering evidence revealing the nature of the burden*" (emphasis original)).  Likewise, Ubee's bare contention boilerplate contentions regarding over breath, undue hardship, devotion of substantial resources, significant expenses—without more—are improper because they lack specificity and fail to state whether any responsive materials are being withheld on the basis of the objection. *Kissing Camels Surgery Ctr., LLC v. Centura Health Corp.*, No. 12-cv-03012-WJM-NYW, 2016 WL 277721, *2 (D. Colo. Jan. 22, 2016).  Similar to Ubee's foregoing boilerplate objection, Ubee's objection based on the fact that it is not a party to the litigation fails state who the other parties in the underlying litigation are that are in possession of the same requested documents and information that Ubee possesses.

Finally, Ubee's objection in regard to the this request seeking highly confidential and proprietary information is insufficient because a protective order limiting the disclosure of discovery has been issued in the underlying litigation. *See Entropic Communications, LLC v. Charter Communications, Inc.*, No. 2:22-cv-00125-JRG, (E.D. Tex. May 12, 2023), ECF Dkt. No. 36, Protective Order.

### III.     CONCLUSION

Based on Ubee's failure to adequately produce documents responsive to the Subpoea, and Ubee's ineffectual objections, this Court should grant the instant motion and enter an order: (1) compelling Ubee to produce documents and/or bills of materials sufficient to identify the price of the individual tuners used in the Relevant Cable Modem Products, (2) directing Ubee to pay Entropic's reasonable expenses and attorneys' fees in bring this motion, and (3) for any other and further relief as the Court deems just and proper.

Date: July 21, 2023

                                      Respectfully submitted,

                                      By: */s/ Nicole C. Mueller*
                                             Nicole C. Mueller
                                             Ketajh Brown (to be admitted *pro hac vice*)

                                             **K&L GATES LLP**
                                             70 W. Madison Street
                                             Suite# 3100
                                             Chicago, IL 60202
                                             Tel: 312-372-1121
                                             nicole.mueller@klgates.com
                                             ketajh.brown@klgates.com